CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
amandas@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez**, <br><br> Plaintiff, <br><br> v. <br><br> **Cuvaison, Inc.**, a California Corporation; <br><br> Defendants. | **Case No**. <br><br> **Complaint for Damages and Injunctive Relief for Violations of:** American's With Disabilities Act; Unruh Civil Rights Act <br><br> **NOT RELATING TO A CONSTRUCTION-RELATED BARRIER AS DEFINED IN CAL. CIV. CODE § 55.3** |

Plaintiff Andres Gomez ("Plaintiff") complains of Cuvaison, Inc., a California Corporation, ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a visually-impaired individual and a member of a protected class of persons under the Americans with Disabilities Act. Plaintiff Talkback or similar software to navigate websites and applications on electronic devices. Plaintiff is legally blind[1] and cannot use an electronic device without

---

[1] Plaintiff uses the terms "visually-impaired" or "blind" interchangeably to refer to individuals, including himself, who meet the legal definition of blindness. (visual acuity of 20/200 or worse.) Some individuals who meet these criteria have no vision, others have limited vision.

1

Complaint

1 | assistance of screen-reader software ("SRS")

2 | 2. Defendant Cuvaison, Inc. ("Cuvaison, Inc.") owned or operated
3 | Cuvaison Winery located in Napa County, California, in March 2021 and
4 | August 2021.

5 | 3. Defendant Cuvaison, Inc. owns or operates Cuvaison Winery located in
6 | Napa County, California, currently.

7 | 4. Defendant Cuvaison, Inc. owned or operated Cuvaison Winery website,
8 | with a root domain of: https://www.cuvaison.com/ and all related domains,
9 | sub-domains and/or content contained within it, ("Website") in March 2021
10 | and August 2021.

11 | 5. Defendant Cuvaison, Inc. owns or operates Cuvaison Winery's Website
12 | currently.

13 | 6. Plaintiff does not know the true names of Defendants, their business
14 | capacities, their ownership connection to the property and business, or their
15 | relative responsibilities in causing the access violations herein complained of
16 | and alleges a joint venture and common enterprise by all such Defendants.
17 | Plaintiff is informed and believes that each of the Defendants herein, is
18 | responsible in some capacity for the events herein alleged or is a necessary
19 | party for obtaining appropriate relief. Plaintiff will seek leave to amend when
20 | the true names, capacities, connections, and responsibilities of the Defendants
21 | are ascertained.

22 |

23 | **JURISDICTION & VENUE:**

24 | 7. The Court has subject matter jurisdiction over the action pursuant to 28
25 | U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with
26 | Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA")

27 | 8. This court has supplemental jurisdiction over Plaintiff's non-federal
28 | claims pursuant to 28 U.S.C. § 1367 because Plaintiff's Unruh claims are

Complaint

1  formed from the same case and/or controversy and are related to Plaintiff's

2  ADA claims. A violation of the ADA is a violation of Unruh. (Cal. Code §51(f).

3     9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b). Defendant

4  is subject to personal jurisdiction in this District due to its business contacts

5  with the District, and a substantial portion of the complained of conduct

6  occurred in this District.

7

8     **FACTUAL ALLEGATIONS:**

9     10. Plaintiff is a legally blind person and a member of a protected class

10  under the ADA. Plaintiff is proficient with and uses SRS to access the internet

11  and read internet content on electronic devices.

12     11. Plaintiff cannot use an electronic device without the assistance of

13  screen reader software. ("SRS").

14     12. Cuvaison, Inc. operates privileges, goods or services out of a physical

15  location in California. These services are open to the public, places of public

16  accommodation, and business establishments.

17     13. The Website is a nexus between Cuvaison, Inc. customers, and the

18  terrestrial based privileges, goods or services offered by Cuvaison, Inc..

19     14. Cuvaison, Inc. offers websites and digital booking as some of the

20  facilities, privileges, and advantages offered by Defendants to patrons of

21  Cuvaison, Inc. in connection with their patronage at Cuvaison, Inc..

22     15. Among the services offered include: details about the wines and

23  Cuvaison, Inc. itself, location and contact information; Cuvaison, Inc. policies;

24  information about wine on sale, deals and promotions without any ambiguity

25  as to the amenities that would be available to the patron.

26     16. Plaintiff was a prospective customer who wished to access Defendant's

27  goods and services of Cuvaison, Inc..

28     17. Plaintiff visited the Website in March 2021 and August 2021 with the

Complaint

1   intent get information about wines sold at the vineyards and wine tasting tours.

2   18. When Plaintiff attempted to navigate the Website, Plaintiff encountered

3   numerous accessibility design faults that prevented him from navigating the

4   site successfully using SRS. Investigation into his experience revealed barriers,

5   including, but not limited to:

6            a.   Images on the website lack a text equivalent readable by

7                SRS.

8            b.   The website contains script elements that are not

9                identified with functional text readable by SRS.

10           c.   The visualization of the webpage contains impermissibly

11               low contrast enabling differentiation of background and

12               foreground elements.

13   19. These inaccessible elements rendered the ostensibly "accessible"

14   elements inaccessible as a result of difficulty and confusion navigating the

15   numerous inaccessible elements.

16   20. Currently, the defendants either fail to provide an accessible website or

17   Defendants have failed to maintain in working and useable conditions those

18   website features required to provide ready access to persons with disabilities.

19   21. Despite multiple attempts to access the Website using Plaintiff's

20   electronic device, Plaintiff has been denied the full use and enjoyment of the

21   facilities, goods and services offered by Defendants as a result of the

22   accessibility barriers on the Website.

23   22. Plaintiff personally encountered accessibility barriers and has actual

24   knowledge of them.

25   23. By failing to provide an accessible website, the defendants denied

26   Plaintiff full and equal access to the facilities privileges or advantages offered

27   to their customers.

28   24. Plaintiff has been deterred from returning to the Website as a result of

Complaint

1    these prior experiences.

2    25. The failure to provide accessible facilities created difficulty and

3    discomfort for the Plaintiff.

4    26. If the website had been constructed equally accessible to all individuals,

5    Plaintiff would have been able to navigate the Website and find information on

6    wines on sale.

7    27. Additionally, Plaintiff is a tester in this litigation and seeks future

8    compliance with all federal and state laws. Plaintiff will return to the Website

9    to avail himself of its goods and/or services and to determine compliance with

10   the disability access laws once it is represented to him that Cuvaison, Inc. and

11   Website are accessible.

12   28. Plaintiff is currently deterred from doing so because of Plaintiff's

13   knowledge of the existing barriers and uncertainty about the existence of yet

14   other barriers on the Website. If the barriers are not removed, Plaintiff will

15   face unlawful and discriminatory barriers again.

16   29. The barriers identified above violate easily accessible, well-established

17   industry standard guidelines for making websites accessible to people with

18   visual-impairments that use SRS to access websites. Given the prevalence of

19   websites that have implemented these standards and created accessible

20   websites, it is readily achievable to construct an accessible website without

21   undue burden on Cuvaison, Inc. or a fundamental alteration of the purpose of

22   the Website.

23   30. Compliance with W3C Web Content Accessibility Guidelines

24   ("WCAG") 2.0 AA standards are a viable remedy for these deficiencies and a

25   standard that has been adopted by California courts for website accessibility.

26   31. It's been established that failure to remove these inaccessible conditions

27   violates the ADA and California law and requiring compliance with industry

28   access standards is a remedy available to the plaintiff.

5

Complaint

1      32. The Website was intentionally designed, and based on information and

2   belief, it is the Defendants' policy and practice to deny Plaintiff access to the

3   Website, and as a result, denies the goods and services that are otherwise

4   available to patrons of Cuvaison, Inc.

5      33. Due to the failure to construct and operate the website in line with

6   industry standards, Plaintiff has been denied equal access to Defendant's

7   vineyards and the various goods, services, privileges, opportunities and

8   benefits offered to the public by Cuvaison, Inc.

9      34. Given the nature of the barriers and violations alleged herein, the

10  plaintiff alleges, on information and belief, that there are other violations and

11  barriers on the website, and/or at Cuvaison, Inc., that relate to his disability. In

12  addition to the barriers he personally encountered, Plaintiff intends to seek

13  removal of all barriers on the Website that relate to his disability. See *Doran v.*

14  *7-Eleven* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff

15  encounters one barrier, they can sue to have all barriers that relate to their

16  disability removed regardless of whether they personally encountered the

17  barrier).

18     35. Plaintiff will amend the complaint, to provide further notice regarding

19  the scope of the additional demanded remediation in the event additional

20  barriers are uncovered through discovery. However, please be on notice that

21  the plaintiff seeks to have all barriers related to his disability remedied.

22

23  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

24  **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

25  Defendants.) (42 U.S.C. section 12101, et seq.)

26     36. Plaintiff re-pleads and incorporates by reference, as if fully set forth

27  again herein, the allegations contained in all prior paragraphs of this

28  complaint. Cuvaison, Inc. is a public accommodation with the definition of

Complaint

1  Title III of the ADA, 42 USC § 12181.

2  37. The website provided by the Defendant is a service, privilege or

3  advantage and extension of Cuvaison, Inc. physical presence and terrestrial

4  services.

5  38. When a business provides services such as a website, it must provide an

6  accessible website.

7  39. Here, an accessible website has not been provided.  A failure to provide

8  an accessible website is unlawful discrimination against persons with

9  disabilities.

10  40. Under the ADA, it is an act of discrimination to fail to ensure that the

11  privileges, advantages, accommodations, facilities, goods and services of any

12  place of public accommodation is offered on a full and equal basis by anyone

13  who owns, leases, or operates a place of public accommodation. *See*: 42 U.S.C.

14  § 12182(a). Discrimination is defined, inter alia, as follows: "A failure to make

15  reasonable modifications in policies, practices, or procedures, when such

16  modifications are necessary to afford goods, services, facilities, privileges,

17  advantages, or accommodations to individuals with disabilities, unless the

18  accommodation would work a fundamental alteration of those services and

19  facilities. 42 U.S.C. § 12182(b)(2)(A)(ii)."

20  41. Here, the failure to ensure that the accessible facilities were available

21  and ready to be used by the plaintiff is a violation of the law.

22  42. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights

23  set forth and incorporated therein, Plaintiff requests relief as set forth below.

24

25  **II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL**

26  **RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ.

27  Code § 51-53.)

28  43. Plaintiff repleads and incorporates by reference, as if fully set forth

Complaint

again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

44. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  *Cal. Civ. Code* § 51(f).

45. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

46. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. *Cal. Civ. Code* § 55.56(a)-(c).

47. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. A Declaratory Judgment that at the commencement of this action Defendants were in violation of the requirements of the ADA due to Defendants' failures to take action to ensure that its Website was fully accessible to and independently usable by blind and visually-impaired individuals.

8

Complaint

2. For equitable nominal damages for violation of civil rights. See Uzuegbunam v. Preczewski, 141 S.Ct. 792 (2021) and any other equitable relief the Court finds appropriate.

3. Pursuant to 42 U.S.C § 12181, a preliminary and permanent injunction enjoining Defendants from violating the ADA with respect to its Website.

4. Damages under the Unruh Civil Rights Act § 51[2], which provides for actual damages and a statutory minimum of $4,000 for each offense.

5. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and *Cal. Civ. Code* § 52.

Dated: March 15, 2022               CENTER FOR DISABILITY ACCESS

By: _____

Amanda Seabock, Esq.
Attorney for Plaintiff

---

[2] Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

Complaint